## LIVINGSTON *against* ROMAINE.

Payment of interest must be pleaded in debt on bond, it cannot be given in evidence under a plea, or notice of set-off, as so much money had and received.

THIS was an action of a debt on bond.

The declaration was in the common form.

The plea, after craving oyer of the condition, and setting the same forth, admitted that a certain sum of money was due, for principal and interest on the bond, at the commencement of the suit, and then averred that a large sum was due to the defendant for money had and received by the plaintiff for the defendant's use, and for services rendered by the defendant, to the plaintiff's family, as a physician. Plaintiff replied that more was due on the bond, &c.(1)

(1) The plea in this case seems to have been a plea of set-off, framed according to the English practice under the provisions of the Statute, 8 Geo. 2, c. 4, sec. 5, *vide* 2 Chitty, 470. By that statute, which was passed in aid and explanation of the first statute of set-off, (2 Geo. 2, c. 22,) where either of the debts accrued by reason of penalty, the debt intended to be set off must be pleaded, and the defendant cannot give a notice of set-off; and by the same statute, in a plea of set-off to an action on bond, the defendant must set forth the sum really due on the bond, before he is entitled to set-off any cross demand, (6 T. R. 460,) and the sum so set forth is traversable. Ib. Our statute differs essentially from the English statutes in this particular. It does not require a plea of set-off in any case; on the contrary, a notice, with the general issue, is expressly required in all cases. And, inasmuch as the right to set off at all, arises under the statute, it may be very doubtful whether a plea of set-off would, in any case, be good; parties being bound

Under this plea, the defendant offered to prove that credit had not been given to him for one year's interest on the bond.

to avail themselves of statutory remedies, in the way prescribed by the statute. This question was raised in the court of errors, in the case of *Caines* v. *Alsop*, (13 Johns. 9,) but did not receive a decision, the case being disposed of on other grounds; the supreme court having, in the same case, decided that a set-off cannot be pleaded, but notice must be given with the general issue, as the act directs. 10 Johns. 396.

In England, a set-off may be pleaded both in assumpsit and debt, (2 Chitty, 440,) the English statutes giving the right in assumpsit in the alternative, either to plead the set-off, or to give it in evidence under a notice, with the general issue. 2 Geo. 2, c. 22; 2 Geo. 2, c. 24; *vide etiam Oldershaw, Exec'r., &c.,* v. *Thompson*, 1 Starkie, 311. As our statute, therefore, differs from the English statutes, a few words on the history of this provision, accompanied with a general contrast of the statutes, may not be uninstructive.

At the common law, if the plaintiff were as much, or even more indebted to the defendant, than the defendant was indebted to him, the defendant had no method to strike a balance in a common law court, he could only go into a court of equity for doing what is most clearly just and right to be done; the statutes of set-off were made to remedy this defect. Lord Mansfield, Burr. 826; Mont. on Set-off, 16, note v. The first statute passed on this subject was in the reign of George 2d., (2 G. 2, c. 27, sec. 13,) as follows:—"And be it further enacted, by the authority aforesaid, that when there are mutual debts between the plaintiff and defendant, or if either party sue or be sued as executor, or administrator, where there are mutual debts between the testator, or intestate, and either party, one debt may be set against the other, and such matter may be given in evidence upon the general issue, or pleaded in bar, as the nature of the case will require, so as, at the time of the pleading the general issue, where any such debt of the plaintiff, his executor or intestate, is intended to be insisted on in evidence, notice shall be given of the particular sum or debt, so intended to be insisted on; and upon what account it became due: or otherwise such matter shall not be allowed in evidence on such general issue." After the passing of this act, there was a doubt, and difference of opinion between the K. B. and C. B. concerning the setting off of debts of different natures, which difference of opinion gave rise to the statute, 8 G. 2, ch. 24, which extends the former statute, to all mutual debts, although they should be deemed in the law to be of different natures. Willes, 262; Burr. 1025. This last act is as follows.

Livingston v. Romaine.

*B. Livingston*, and *Robinson*, contended that such evidence was not admissible under the defendant's plea; that, to avail himself of such proof, he ought to have pleaded payment.

4th. And whereas the provision for setting mutual debts one against the other, is highly just and reasonable at all times; be it therefore enacted, &c., that the said clause in the said recited act, (2 G. 2, c. 27,) for setting mutual debts one against the other, shall be and remain in full force forever.

5th. And be it further enacted, &c., that, by virtue of the said clause in the said first recited act contained, and hereby made perpetual, mutual debts may be set against each other, either by being pleaded in bar, or given in evidence on the general issue in the manner therein mentioned, notwithstanding that such debts are deemed in law to be of a different nature; unless in cases where either of the said debts shall accrue, by reason of a penalty contained in any bond or specialty, and in all cases where either the debt for which the action hath been or shall be brought, or the debt intended to be set against the same, hath accrued or shall accrue by reason of any such penalty, the debt intended to be set off, shall be pleaded in bar; in which plea shall be shown how much is truly and justly due on either side, and in case the plaintiff shall recover in any such action, or suit, judgment shall be entered for no more than shall appear to be truly and justly due to the plaintiff, after one debt being set against the other as aforesaid.

The statute of this state now in force, was passed at the last revision of the laws. 5th April, 1813. *The doctrine of set-off*, however, was introduced into the colony as early as 4th September, 1714. 1 R. L. 515, n. This statute differs, in its language, from the former statute, as we shall hereafter notice.

Be it enacted, &c., "That if two or more persons dealing together, be indebted to each other, or have demands arising on contracts or credits against each other, and one of them, or his or her executors or administrators, sue any one or more of the others, his or their executors or administrators, in any court of this state, if the defendant cannot gainsay the deed or assumption, upon which the suit is brought, it shall be lawful for such defendant to plead the general issue as aforesaid, and give notice in writing with the said plea, of what such defendant will insist upon at the trial for his or her discharge, and to give any such bond, bill, receipt, amount, contract, credit, or demand, so given notice of in evidence; and, if such suit be brought on a bond or other contract, for the recovery of a penalty for the non-payment of money only; and if any bond, bill, or contract, with such penalty as afore-

Livingston v. Romaine.

*Colden* and *Bogardus*, for defendant.   If the sum alleged to have been paid by the defendant as interest, has not been so applied by the plaintiff, it remains in the plaintiff's hands as so much money had and received to the defendant's use, and may be given in evidence under that part of his plea.

said, shall be given in evidence for the plaintiff or defendant, upon such trial, in all such cases, the sum *bona fide* and in equity due, and not the penalty, shall be deemed to be the debt due.   And if it shall appear that the debt or sum demanded is paid, or satisfied, the jury shall find for the defendant, and judgment shall be entered that the plaintiff take nothing by his writ, bill or plaint, and unless the plaintiff prosecute as executor or administrator, the defendant shall also recover his costs of suit; and if it shall appear that any part of the debt or sum demanded is paid or satisfied, then so much as is found to be paid or satisfied, shall be discounted, and the plaintiff shall have judgment for the residue only with costs of suit; but if it appears to the jury, that the plaintiff is overpaid, then they shall find a verdict for the defendant, and certify to the court how much they find the plaintiff to be indebted, or in arrears to the defendant, more than will answer the debt or sum demanded; and the sum so certified, shall be recorded with the verdict, and the defendant shall have judgment and execution for the same, together with costs of suit, unless the plaintiff prosecute as executor or administrator, in which case the sum so certified, shall be deemed a debt of record to be paid in the course of administration; and the defendant, for recovery thereof, shall have an action of debt, or a *scire facias* against the plaintiff in the said action."   This statute differs from the statute of 30th March, 1801, (1 R. L.) in the introduction of the words in *italics*, which would seem, on inspection, and were so considered immediately after the passing of the act, to extend the provisions of the former statute, to the cases of unliquidated damages arising *ex contractu.*

In a case, however, which came before the supreme court, shortly after the passing of the law, it was attempted, under these general words of the act, to set off uncertain damages arising *ex contractu;* but the court decided, that the introduction of the words above mentioned, did not extend the provisions of the act, and refused to allow the set-off.   *Holcomb* v. *Maurice,* M. S.   Under this decision, therefore, there is no difference between the two statutes.   And in *Gordon* v. *Brown,* (2 Johns. 155,) it is decided, that the words "mutual debts" in the English statute, and "dealing together and

Livingston v. Romaine.

KENT, C. J.   This was a payment, and can never, there-
fore, be deemed money had and received for the defend-
ant's use.   The defendant ought to have pleaded pay-

being indebted to each other" in our act, are expressions of the same im-
port, and that the English decisions upon the construction of their statutes,
are perfectly in point as to the construction of our acts, so that, as far as the
subject matter is concerned, there is no difference between our law and the
English law.   But, in the detailed provisions of the several acts, regulating
the manner in which parties are to avail themselves of the right, these vari-
ances exist:  *First*, by our law, a notice is required with the general issue in
all cases.   By the English law, the defendant may, at his option, give notice
with the general issue, or plead the set-off in assumpsit; and must plead it,
where either of the debts accrue by reason of a penalty.   *Second*, by our
law, if the balance is in favor of the defendant, he is entitled to judgment
and execution, except in the case of executor and administrator, in which
case he must bring his action of debt on judgment for such balance, or pro-
ceed by *sci. fa.*   By the English law, if there is a balance in favor of defend-
ant, his set-off operates *pro tanto* as a bar to plaintiff's action, and he is
driven to his suit at law for the balance due to him.   The general issue, to
which a notice of set-off may be annexed, must be such a plea as puts the
whole declaration in issue.   Thus, in the case of *Oldershaw, Executor*, v.
*Thompson*, (1 Starkie, 311,) which was an action of covenant, the defendant
pleaded *non est factum*, and gave notice of set-off.   But Lord Ellenborough,
at the trial, would not allow him to avail himself of his set-off.   He observ-
ed, that the statute must mean a general issue, on which the *quantum* of
damages can come in question.   And upon the hearing at bar, Lord Ellen-
borough held, that it means a plea which puts the whole of the declaration
in issue; and the other judges were of the same opinion.

ment.(2)    The plaintiff must take his judgment in the common form, and issue his execution at his peril for the sum actually due.    If he issues his execution for a larger sum, the defendant may apply to the court, upon affidavit, to have it rectified.

Verdict for plaintiff.

*B. Livingston* and *Robinson*, for plaintiff.

*Colden* and *Bogardus*, for defendant.

(2) Payment of a bond must be pleaded, and it may be either, *ante diem*, *ad diem*, or *post diem*.    The plea of *solvit ante diem*, may be pleaded where the condition of a bond is for the payment of money "at or before such a day;" and in this case, if the plaintiff disputes the reality of any payment at all, he may reply, "that it was not paid at the particular day mentioned in the plea, nor at any time before or after that day," and this will bring the point to the material and proper issue, "whether it has been ever paid at all, or not."   *Fletcher* v. *Hennington*, 2 Burr. 944; 2 Wit. 173.   The plea of *solvit ad diem*, must be pleaded when the bond is conditioned for payment on a day certain, and this plea is good on such a bond, and is the proper plea, although payment was made before the day.   *Bond* v. *Richardson*, Cro. Elis. 142; *Maule* v. *Wake*, Salk. 508.   *Solvit post diem*, is given by statute, 4 Am. c. 16, sec. 12.    This plea was bad at common law, unless accompanied with an acquittance under seal; because, by the default of payment at the day, the bond had become single, and the obligor could no longer avail himself of the condition, (Salk. 508,) but inasmuch as he was relievable in equity, after breach, on paying the condition, with interest, which is there considered the true debt, the statute interposed.   This plea is the proper and safe plea, when the obligor relies on presumption of payment from lapse of time. *Moreland* v. *Burnet*, 1 Str. 652.